IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| George H. Swogger, | : | |
| Plaintiff | : | Civil Action 2:11-cv-01051 |
| v. | : | Judge Frost |
| Sgt. Scott Yonak, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**Report and Recommendation**

Plaintiff George H. Swogger, a former state prisoner, brings this action against defendants under 42 U.S.C. § 1983 alleging violations of his Fourth, Eighth and Fourteenth Amendment rights and for negligence, gross negligence, and negligent infliction of emotional stress. This matter is before the Magistrate Judge on defendants Scott Yonak, Michelle Miller, and the Ohio Department of Rehabilitation and Correction's ("ODRC") unopposed January 17, 2012 motion to dismiss.

I.   **Allegations in the Complaint**

On August 10, 2011, plaintiff George H. Swogger, a prisoner at the Belmont Correctional Institution, was subjected to a pat down search as he was exiting five house. Contraband was found on plaintiff, and he was taken to another area for a search of his person. Defendants Yonak and Robinson took plaintiff to the "quiet area" of the dorm and performed a strip search of plaintiff. The complaint alleges that the "quiet

1

area" is not an enclosed place. While plaintiff was searched, anyone in the area could see plaintiff. Plaintiff was forced to stand in the open area undressed for 15 minutes in full view of female staff and other inmates. Plaintiff suffered mental anguish and emotional distress from being displayed in this state of undress.

## II. Arguments of the Parties

Defendants argue that plaintiff's action should be dismissed because prisoners are barred from bringing civil actions for mental or emotional injury without a prior showing of physical injury. Defendants contend that Swogger does not allege that he suffered any physical injury. Defendants further maintain that the Prison Litigation Reform Act applies to a plaintiff who filed his case while he was a prisoner even if he was subsequently released from prison.

Plaintiff failed to file a response to defendants' motion to dismiss.

## III. Motion to Dismiss

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (U.S. 2007) (citing *Bell v. Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007)); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982). Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, *see Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513

2

F.2d 1176, 1182 (6th Cir. 1975), a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations, *see Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005); *Blackburn v. Fisk Univ.*, 443 F.2d 121, 123-124 (6th Cir. 1971). In reading a complaint, however, a court will indulge all reasonable inferences that might be drawn from the pleading. *See Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972). Because the motion under Rule 12(b)(6) is directed solely to the complaint itself, *see Roth Steel Prods.*, 705 F.2d at 155; *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir. 1983), the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail, *see McDaniel v. Rhodes*, 512 F. Supp. 117, 120 (S.D. Ohio 1981). A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted. *See Roth Steel Prods.*, 705 F.2d at 155-56.

**IV.     Discussion**

The Prison Litigation Reform Act states in pertinent part:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e). The Sixth Circuit requires that a plaintiff seeking relief based on emotional damages must show that he also suffered a physical injury that is more than *de minimis* to state an Eighth Amendment claim. Here, plaintiff fails to alleged that he suffered any physical injury. *Jarriett v. Wilson*, 162 Fed. Appx. 394, 400 (6th Cir. 2005).

3

Because Swogger has not alleged that he suffered a physical injury as required by section 1997e(e), his Eighth Amendment claim should be DISMISSED.

Defendants' motion to dismiss does not address plaintiff's remaining claims for violations of his Fourth and Fourteenth Amendment rights and for negligence, gross negligence, and negligent infliction of emotional stress. However, under 42 U.S.C. 1997e(c)(1), "[t]he court shall on its own motion . . . dismiss any action brought with respect to prison conditions under section 1983 of this title, . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted. . . ."

Plaintiff's claims based on negligence fail. The Supreme Court has held that the Due Process Clause is not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327, 328 (1986). "Negligence does not suffice to state an access to the courts violation under § 1983." *Garrison v. Corr*, 26 F. Appx 410, 411 (6th Cir.2001) (citing *Collins v. Harker Heights, Tex.*, 503 U.S. 115, 127–30 (1992)). Plaintiff's claim based upon the Fourth Amendment also fails. The Supreme Court has ruled that visual body cavity searches are constitutional. *Bell v. Wolfish*, 441 U.S. 520, 558-60 (1979).

V.   **Conclusion**

For the reasons stated above, the Magistrate Judge RECOMMENDS that defendants Scott Yonak, Michelle Miller, and the Ohio Department of Rehabilitation

4

and Correction's ("ODRC") unopposed January 17, 2012 motion to dismiss be GRANTED and that plaintiff's complaint be DISMISSED.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

s/ Mark R. Abel  
United States Magistrate Judge