IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| George H. Swogger, | : | |
| Plaintiff | : | Civil Action 2:11-cv-01051 |
| v. | : | Judge Frost |
| Sgt. Scott Yonak, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**ORDER**

Plaintiff George H. Swogger brings this action alleging that defendants violated his Fourth, Eighth and Fourteenth Amendment rights. This matter is before the Court on Magistrate Judge Abel's May 22, 2012 Report and Recommendation that defendants' unopposed January 17, 2012 motion to dismiss (doc. 9) be granted. No objections were filed to the Report and Recommendation.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation and GRANTS defendants' unopposed January 17, 2012 motion to dismiss. (Doc. 9.)

As noted by the Magistrate Judge, the Prison Litigation Reform Act states in pertinent part:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

1

42 U.S.C. § 1997e(e). The Sixth Circuit requires that a plaintiff seeking relief based on emotional damages must show that he also suffered a physical injury that is more than *de minimis* to state an Eighth Amendment claim. Here, plaintiff fails to allege that he suffered any physical injury. *Jarriett v. Wilson*, 162 Fed. Appx. 394, 400 (6th Cir. 2005). Because Swogger has not alleged that he suffered a physical injury as required by section 1997e(e), his Eighth Amendment claim is dismissed.

Although the defendants' motion to dismiss did not address plaintiff's remaining claims for violations of his Fourth and Fourteenth Amendment rights and for negligence, gross negligence, and negligent infliction of emotional stress, the Magistrate Judge properly considered whether these claims failed to stated a claim upon which relief can be granted. *See* 42 U.S.C. 1997e(c)(1) ("The court shall on its own motion . . . dismiss any action brought with respect to prison conditions under section 1983 of this title, . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted. . . .").

The Magistrate Judge properly concluded that plaintiff's claims based on negligence fail. The Supreme Court has held that the Due Process Clause is not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327, 328 (1986). "Negligence does not suffice to state an access to the courts violation under § 1983." *Garrison v. Corr*, 26 F.

Appx 410, 411 (6th Cir.2001) (citing *Collins v. Harker Heights, Tex.*, 503 U.S. 115, 127–30 (1992)).

Plaintiff's claim based upon the Fourth Amendment also fails. The Supreme Court has ruled that visual body cavity searches are constitutional. *Bell v. Wolfish*, 441 U.S. 520, 558-60 (1979).

For the reasons stated above, the Court ADOPTS the Magistrate Judge's Report and Recommendation and GRANTS defendants' unopposed January 17, 2012 motion to dismiss (doc. 9). This action is hereby DISMISSED.

                                         /s/ Gregory L. Frost
                                         Gregory L. Frost
                                         United States District Judge